IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NGUYEN L. NGUYEN,<br>Petitioner,<br>    v.<br>BEN CURRY, Warden,<br>Respondent.<br>_____/ | No. C 07-1434 CW (PR)<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS |

INTRODUCTION

Petitioner Nguyen L. Nguyen, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Respondent has filed an answer.[1] Petitioner has filed a traverse. Having considered all of the papers filed by the parties, the Court DENIES the petition.

BACKGROUND

On May 7, 2002, in a "drive-by" shooting, Petitioner shot and killed the victim, Hoang Phan. In the course of the shooting, Petitioner caused substantial damage to a car owned by Phan's parents.

---

[1] On July 9, 2008, Petitioner filed a notice of change of address. Petitioner states that he has been transferred to the Correctional Training Facility in Soledad, California. The warden of the Correctional Training Facility is Ben Curry. In light of this transfer, the Court directs the Clerk of the Court to substitute Ben Curry, Petitioner's current custodian, as Respondent in place of Petitioner's prior custodian, Robert A. Horel, the former warden of Pelican Bay State Prison.

On August 12, 2003, Petitioner plead guilty in Santa Clara County Superior Court to one count of murder, two counts of attempted murder, and one count of assault with a deadly weapon. On October 3, 2003, Petitioner was sentenced to twenty-five years to life in prison. The sentencing court also imposed three financial penalties: (1) a $10,000 restitution fund fine; (2) a suspended $10,000 parole revocation fine; and (3) direct restitution in the amount of $12,500. The $12,500 in direct restitution was comprised of $6,500 for funeral expenses and $6,000 for the damage to Phan's parents' car.

Petitioner challenged the propriety of these financial penalties in the California state courts. After the Supreme Court of California denied Petitioner's final state habeas petition, the instant petition for a writ of habeas corpus followed.

Petitioner raises two claims: (1) a claim of violation of due process regarding the imposition of the restitution and parole revocation fines; and (2) a claim of violation of due process regarding the sentencing court's valuation of the damage to the victim's car.

## DISCUSSION

I. Exhaustion

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek

2

to raise in federal court.  See 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  In this case, it is undisputed that Petitioner exhausted his state court remedies as to the claims raised in his petition.

II.   Requirement of Claiming a Right to Release from Custody

Petitioner's claims are not cognizable under § 2254.  Title 28 U.S.C. § 2254(a) provides that a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  In order to state a valid claim under § 2254, a petitioner must be in custody and claim the right to be released from custody.  See Taylor v. Hamlet, 2004 WL 345672, *1 (9th Cir. 2004); United States v. Thiele, 314 F.3d 399, 401-02 (interpreting 28 U.S.C. § 2255).

Petitioner does not challenge the lawfulness of his incarceration.  Rather, he contests only the imposition of financial penalties.  This Court lacks subject matter jurisdiction over such claims.  The Court denies the petition on this basis.

\
\
\
\
\
\
\
\

3

CONCLUSION

For the foregoing reason, the petition for a writ of habeas corpus is DENIED as to all claims. The Clerk of the Court shall terminate all pending motions, enter judgment and close the file.

IT IS SO ORDERED.

DATED: 7/2/09

_____
CLAUDIA WILKEN
United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NGUYEN L. NGUYEN,

        Plaintiff,

  v.

ROBERT A. HOREL et al,

        Defendant.
                                        /

Case Number: CV07-01434 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Eric David Share
State Attorney General's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Nguyen L. Nguyen V11362
CTF - North Facility
P.O. Box 705
RA-214
Soledad, CA 93960

Dated: July 2, 2009                                               Richard W. Wieking, Clerk
                                                                                        By: Sheilah Cahill, Deputy Clerk